UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID DELAROSA, :
: 
       Petitioner : No. 4:CV-11-0996
:
  vs. : (Petition Filed 5/25/11)
:
H.L. HUFFORD, Warden, : (Judge Muir)
:
       Respondent :

**MEMORANDUM AND ORDER**

June 7, 2011

    David Delarosa, an inmate presently confined in the Schuylkill Federal Correctional Institution ("FCI-Schuylkill"), Minersville, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Delarosa challenges the validity of his conviction from the United States District Court for the Southern District of New York. Along with the filing of his petition, Delarosa filed an application to proceed in forma pauperis. (Doc. 2). Named as respondent is H.L. Hufford, FCI-Schuylkill Warden.

    The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule

1 thereof. For the reasons set forth below, the petition will be dismissed summarily.

**Background**

On February 3, 2005, following the entry of a guilty plea in the United States District Court for the Southern District of New York to conspiracy in violation of 21 U.S.C. § 846 to distribute and possess with intent to distribute one kilogram of heroin, a violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A), Delarosa was sentenced to a 188 month term of incarceration. See United States v. Delarosa, Crim. Action No. 1:04-cr-00424-RWS-1 (S.D. NY 2006).

Delarosa did not file a direct appeal, nor did he challenge his conviction in any other post-conviction proceeding. See Id.

Petitioner now turns to this Court seeking relief pursuant to § 2241. In his instant petition, Delarosa states the following ground for relief:

> On February 28, 2011, Petitioner received from the Federal Bureau of Investigation ("FBI", an agency within the Department of Justice) information informing Petitioner that he did not in fact have a criminal record and that there was no record of conviction for his instant offense in which Petitioner is currently serving a term of

2

imprisonment. Based on these facts, which are: That the Department of Justice (DOJ) (in particular the Office of the U.S. Attorney, an agency within the DOJ, who prosecuted Petitioner and whose custody Petition is now under) has now affirmatively declared that Petitioner has no criminal record or conviction (including the instant offense). Petitioner would argue that he is now being held in violation of the Due Process Clause of the Fifth Amendment of the U.S. Constitution. This present habeas motion now ensues.

(Doc. 1, petition).

## Discussion

A federal criminal defendant's conviction/sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). In the instant case, Delarosa is clearly maintaining that his federal conviction violated his constitutional rights.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate

3

<u>or ineffective</u> to test the legality of his detention" (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. <u>See Id.</u>; <u>Cagle v. Ciccone</u>, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.), <u>cert. denied</u>, 488 U.S. 982 (1988); <u>Litterio v. Parker</u>, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." <u>Garris v. Lindsay</u>, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), <u>cert. denied</u>, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). Moreover, the legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, not under 28 U.S.C. § 2241. Id. at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

It has also been held that the fact that a petitioner's §2255 motion may be barred by the one year statute of limitations applicable to such actions does not render that remedy inadequate or ineffective. See United States v. Lurie,

5

207 F.3d 1075, 1077-78 (8th Cir. 2000); <u>Charles v. Chandler</u>, 180 F.3d 753, 758 (6th Cir. 1999); <u>Higgs v. Hobbs</u>, No. CA 99-1113-RV-C, 2000 WL 284277, at *3 (S.D. Ala. Feb. 29, 2000); <u>Ambrosio v. United States</u>, No. 99CIV. 9626(DC), 94 CIV. 674(DC), 2000 WL 109009, at * 2 (S.D.N.Y. Jan. 28, 2000).

Petitioner fails to provide an explanation as to why he did not seek a §2255 motion with the sentencing court. It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. <u>Reyes-Requena v. United States</u>, 243 F. 3d 893, 901 (5th Cir. 2001) (<u>citing</u> <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000)). Delarosa has not met this burden.

Additionally, Delarosa does not meet the narrow <u>Dorsainvil</u> exception entitling him to § 2241 relief as he has not demonstrated an intervening change in the law which would affect the probability of his innocence.[1] Thus, the petition for

---

2. In <u>Dorsainvil</u>, the court held that a federal prisoner barred from using a § 2255 motion under the AEDPA standards for successive motions could resort to a § 2241 petition if the prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate . . . ." 119 F.3d at 251. The court stressed that the holding was a "narrow one" based on the unusual circumstances presented there. <u>Id</u>. at 251-52.

6

a writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed. An appropriate Order accompanies this Memorandum Opinion.

_____
MUIR
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID DELAROSA,              :
                             :
         Petitioner          :   No. 4:CV-11-0996
                             :
     vs.                     :   (Petition Filed 5/25/11)
                             :
H,L. HUFFORD, Warden,        :   (Judge Muir)
                             :
         Respondent          :

### ORDER

June 7, 2011

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion to proceed in forma pauperis (Doc. 2) is **GRANTED** for the sole purpose of filing the petition.

2. The petition for a writ of habeas corpus is **DISMISSED**, without prejudice to any right Delarosa may have to file a § 2255 motion in the United States District Court for the Southern District of New York.

3. The Clerk of Court shall **CLOSE** this case.

MUIR
United States District Judge